UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BERTIE RANDALL HICKS | CIVIL ACTION NO.: 18-1564 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| JERRY GOODWIN | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

Before the Court is the Report and Recommendations of the Magistrate Judge. [Record Document 6]. The Magistrate recommends that the 28 U.S.C. § 2254 petition filed by Bertie Randall Hicks ("Hicks") be dismissed with prejudice as time barred. [*Id.* at 9]. Having considered the report the record, and the objections filed, the Court **DECLINES TO ADOPT** the Report and Recommendations and **DISMISSES** this matter for want of jurisdiction.

A federal court must always assess its own jurisdiction. *Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 513 (5th Cir. 2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). The time limits imposed by the Antiterrorism and Effective Death Penalty Act are not jurisdictional, *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), but the requirements related to second or successive habeas petitions are, *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). Under Fifth Circuit precedent, a "later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.* at 836–37 (quoting *In*

*re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Before filing a second or successive petition, an inmate must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In the absence of such an order, a district court lacks jurisdiction over that petition. *See Key*, 205 F.3d at 774.

Hicks filed a § 2254 petition in 2013, which this Court denied. [Record Documents 1 and 9 in 13-cv-3315]. Hence, to assure itself of its own jurisdiction, this Court must determine whether the instant petition is successive.

After his daughter died while in his care, Hicks pleaded guilty to manslaughter; the state's theory was that she died from Shaken Baby Syndrome ("SBS"). [Record Document 1-2 at 3–6]. Hicks argues that he is actually innocent and that his trial counsel was ineffective for failing to adequately research SBS before advising Hicks to plead guilty. [*Id.* at 28–32]. In support, Hicks offers a report from an expert pathologist opining that SBS did not kill Hicks's daughter and cites numerous medical studies casting doubt on the existence of SBS. [Record Documents 1-2 at 15–27 and 1-3 at 103–08]. Thus, the question is whether Hicks could have raised these claims in 2013.

While it is true that in 2013 Hicks did not yet have the expert report, Hicks has failed to explain why he waited until June 2015—seven and a half years after his conviction became final on direct review—to first approach his expert. [Record Document 1-2 at 9]. Hicks certainly did not need to await further factual development—the records on which his expert relied were created in 2005 and 2006. [Record Document 1-3 at 103–04]. Similarly, the sources in the medical and legal literature that Hicks cites for the proposition that SBS may not exist were published between 2001 and 2012. [Record Document 1-2 at 17–26].

2

The information that Hicks asserts is "newly discovered" was available to him by 2013. As a result, he could have asserted his actual-innocence and ineffective-assistance claims in his first federal habeas petition. Because he could have done so, the instant petition is successive. Thus, without Fifth Circuit authorization, this Court lacks subject-matter jurisdiction over Hicks's petition. In the absence of jurisdiction, the Court **DECLINES TO ADOPT** the findings of fact and conclusions of law in the Report and Recommendations. [Record Document 6].

**IT IS ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this ____ day of _____, 2019.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE